UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE RAMNARINE,

    Plaintiff,

- against -

BRONX PSYCHIATRIC CENTER and EDWINA BYNUM-SMITH,

    Defendants.

16-CV-0479 (PGG) (GWG); and
20-CV-10483 (PGG) (GWG)

**SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL WITH PREJUDICE**

    This Settlement Agreement, General Release, and Order of Dismissal with Prejudice ("Settlement Agreement") is made by and between Marie Ramnarine ("Plaintiff") and Defendants Bronx Psychiatric Center (the "Center") and Edwina Bynum-Smith (the "Individual Defendant"), (collectively, the "Parties"). Any reference to the Center in this Settlement Agreement includes all departments and subdivisions thereof. The Settlement Agreement settles all claims as set forth in <u>Ramnarine vs. Bronx Psychiatric Center and Edwina Bynum-Smith</u>, 16-CV-0479 ("Ramnarine I"), and the related lawsuit <u>Ramnarine vs. Bronx Psychiatric Center</u>, 20-CV-10483 ("Ramnarine II") (collectively "the Complaints"), as follows:

    WHEREAS, Plaintiff commenced Ramnarine I and Ramnarine II by filing complaints on April 11, 2016 (Ramnarine I) and December 10, 2020 (Ramnarine II), asserting claims against Bronx Psychiatric Center and Edwina Bynum-Smith pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 701, *et seq.*; New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq.*; and the New York City Human Rights Law ("NYCHRL"), Administrative Code of the City of New York § 8-101, *et seq.*; and

WHEREAS, the Complaints, and all claims and allegations asserted in them, together with all related filings and proceedings, constitute "the Actions"; and

WHEREAS, the Center and Defendant Bynum-Smith (collectively, the "Defendants") expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in these matters whatsoever; and

WHEREAS, the Parties desire to fully resolve all claims between them and any and all other disputes, whether known or unknown, asserted or unasserted, without further litigation before any court or other forum, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Actions; and

WHEREAS, Plaintiff represents and warrants that, other than the Actions, she has no action or proceeding in any court, state or federal, arising out of or relating to the subject matter of these Actions;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree as follows:

1. **Dismissal of the Actions with Prejudice.** The Actions, and all claims asserted therein against Defendants, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and without payments, attorneys' fees, costs, disbursements, or expenses.

2. **Dismissal of Actions Against Individual Defendant.** Simultaneously with the execution of this Settlement Agreement, counsel for Plaintiff shall also execute and deliver to counsel for Defendants a Stipulation and Order in the form annexed hereto as Exhibit 1 (the

2

"Stipulation and Order of Dismissal as Against the Individual Defendant"), dismissing the Actions and all claims asserted therein against the Individual Defendant, in her individual and official capacities, pursuant to Fed. R. Civ. P. 41(a)(2), with prejudice, and without payments, attorneys' fees, costs, disbursements or expenses as to any of these parties as against the other.

3. **Appointment to Employment Position.** In full consideration of Plaintiff's execution of this Settlement Agreement, her agreement to be bound by its terms, and her undertakings as set forth herein including, but not limited to, the dismissal of the Actions with prejudice and the execution of the Stipulation and Order of Dismissal as Against the Individual Defendant, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the New York State Office of Mental Health ("OMH") shall appoint Plaintiff to the position of Mental Hygiene Therapy Aide ("MHTA") Trainee at the Center in full and complete satisfaction of all claims, allegations, proceedings, or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Individual Defendant and the Center, together with all of its present and former departments, divisions, offices, agencies, principals, officers, directors, members, trustees, shareholders, employees (including but not limited to the Individual Defendant), agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities, arising out of any and all conduct, acts, or omissions prior to, up to, and including the date that this Settlement Agreement is so-ordered by the Court, including, but not limited to, those asserted in the Actions. The aforementioned appointment shall be made as follows:

a. OMH shall appoint Plaintiff to the position of MHTA Trainee, a one-year traineeship, at the Center, without requiring Plaintiff to interview for the position. The MHTA Trainee position is a Civil Service Grade 7.

3

b. The one-year MHTA Traineeship and a one-year probationary period will be served by Plaintiff concurrently.

c. During the one-year probationary period, Plaintiff will be evaluated on her performance as a MHTA Trainee. If Plaintiff's performance evaluations are unsatisfactory, she will be subject to dismissal as a MHTA Trainee but may return to her current position as an Office Assistant I, as set forth in Paragraph 3.e., *infra*.

d. A requirement of the MHTA Traineeship is to pass a physical examination. Plaintiff agrees to complete her physical examination when she receives notice from Civil Service that her exam has been scheduled.

e. If Plaintiff successfully passes the physical examination and the one-year MHTA Traineeship, she will be appointed to the position of MHTA, which is a Civil Service Grade 9.

f. If within that one-year probationary period Plaintiff does not pass the physical examination or is terminated from the MHTA Traineeship or elects to discontinue the MHTA Traineeship, OMH will reinstate Plaintiff to her current position as an Office Assistant I, Civil Service Grade 6, at the Center, with all the benefits, including longevity pay, to which she is entitled in accordance with her title and position as an Office Assistant I.

g. Plaintiff's annual base salary during the MHTA Traineeship shall be FORTY-ONE THOUSAND FIVE HUNDRED TWENTY-FIVE DOLLARS ($41,525), subject to approval as set forth in paragraph 5, plus any downstate adjustment/location pay, as long as such location pay remains in her Civil Service Employees Association ("CSEA") contract and she continues to work in a downstate county. Plaintiff acknowledges that this salary is fair and equitable.

4. **Non-Monetary Settlement.** The parties agree that settlement of these Actions is

4

a non-monetary settlement and that Defendants have no liability for, and do not agree to pay Petitioner any sum of money with regard to her claims for back pay or emotional distress damages. It is expressly understood that Plaintiff will make no claim for attorneys' fees and that Defendants have no obligation to make any payment to Plaintiff for attorneys' fees in connection with the Actions.

    5.    **State Approval of Appointment and Salary**.

    a.    Plaintiff's appointment to the position of MHTA Trainee and the salary referenced in Paragraph 2 of this Settlement Agreement are subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and her attorney agree to promptly execute and deliver all necessary or appropriate documents that may be requested with respect to obtaining such approval.

    b.    In the event such approval is not obtained, this Settlement Agreement shall be null, void, and of no further force and effect, and Plaintiff shall have the right to submit an application to reinstate the instant Actions within thirty (30) days of notice that State approval has not been obtained.

    6.    **General Release.** For and in consideration of the appointment referenced in Paragraph 3 of this Settlement Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns (collectively "the Releasing Party"), hereby releases and forever discharges the Center, the New York State Office of Mental Health, and the State of New York, together with all of their present and former principals, officers, directors, members, trustees, shareholders, employees (including, but not limited to, the Individual Defendant), agents,

attorneys, insurers, offices, agencies, departments, divisions, subdivisions, subsidiaries, heirs, successors, administrators, and assigns, individually and in their official capacities (collectively "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Party ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date that this Settlement Agreement is so-ordered by the Court, including, but not limited to: (a) any and all claims arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Actions, including without limitation the Complaints in the Actions; (b) any and all claims for attorneys' fees, costs, disbursements and all other expenses incurred by or on behalf of Plaintiff in connection with the Actions and any other action or proceeding, whether judicial, administrative or otherwise; (c) any and all claims regarding or arising directly or indirectly from Plaintiff's employment and/or association or interaction with any of the Released Parties or the terms and conditions of her employment and/or association with any of the Released Parties; (d) any and all claims of harassment, hostile work environment, retaliation or discrimination based upon disability, age, race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, gender, gender identity, citizenship, military service, or medical condition; (e) any and all claims under federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including, but not limited to, claims pursuant to 42 U.S.C. §§ 1981-1988, Title VII, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, the Age Discrimination in Employment

6

Act of 1967, 29 U.S.C. §§ 621-634, the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2611, *et seq.*, the NYSHRL, the NYCHRL, the United States Constitution and any amendment thereof, the New York State Constitution and any amendment thereof, the New York City Charter, and any other federal, state, or local law; (f) any and all claims of retaliation for participation in a protected activity and/or engaging in any activity protected under any federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders; (g) any and all claims for salary, bonuses, severance pay, vacation pay, sick pay, incentive pay, or other compensation, or any non-vested retirement, pension, or savings plan benefits; (h) any and all grievances pursuant to any applicable collective bargaining agreement; and (i) any and all other claims, whether for equitable relief, moneys owed, or damages (including, but not limited to, claims for compensatory, economic, punitive, or other damages), including, but not limited to, breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other claims under federal, state, or local law relating to employment, discrimination, retaliation, compensation, benefits, retirement, or otherwise. Except for the rights and obligations set forth in this Settlement Agreement, this release also includes a waiver and release of any and all claims related to allegations made before the EEOC, the United States Department of Justice, the New York State Department of Human Rights, and/or the New York City Commission on Human Rights, as well as any and all claims against the State of New York,

its offices, agencies, departments, divisions, subdivisions, and officials and employees in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date that this Settlement Agreement is so-ordered by the Court. This release applies to any and all claims relating to or arising from the allegations in the Complaints or the Actions. Plaintiff is not waiving or releasing any nonwaivable statutory protections. Plaintiff is not waiving or releasing any claims that may arise after Plaintiff executes this Settlement Agreement. Nothing in this Settlement Agreement shall affect any claim or entitlement to (1) workers' compensation benefits or (2) any retirement or pension plan benefits.

7. **No Other Action Commenced.** Other than Ramnarine I and Ramnarine II, Plaintiff represents that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against the Center, the New York State Office of Mental Health or the State of New York, or any of its present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees (including but not limited to the Individual Defendant), agents, attorneys, insurers, offices, agencies, departments, divisions, subdivisions, subsidiaries, heirs, successors, administrators, and assigns, personally or in their official capacities, on Plaintiff's own behalf or on behalf of any other person, or on behalf of or as a member of any alleged class of persons, and that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and Plaintiff acknowledges that this representation constitutes a material inducement for the Center to enter into this Settlement Agreement..

8. **Waiver of Attorney's Lien.** For and in consideration of the settlement referenced in Paragraph 3 of this Settlement Agreement, and other good and valuable consideration, the

8

sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, the New York Legal Assistance Group ("NYLAG"), by the undersigned attorney for Plaintiff, does hereby release and waive any lien for services upon the above-named Plaintiff's causes of action, claims, verdict, report, judgment, determination, or settlement in favor of said Plaintiff which the undersigned attorney has thereon and by virtue of §§ 475 and 475-a of the New York Judiciary Law or otherwise.

9. **No Other Attorney.** Plaintiff further represents that other than Samantha James, NYLAG, 100 Pearl Street, 19th Floor, New York, NY 10004, there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of §§ 475 and 475-a of the New York Judiciary Law or otherwise in the Action, or in any other action or judicial or administrative proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Complaints or the Actions. Plaintiff further agrees to indemnify and hold harmless the Released Parties as defined in Paragraph 6 ("General Release") from any liability or claims for attorneys' fees, or disbursements incurred by Plaintiff in the Actions or in connection with any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any other claim or action by Plaintiff alleging any of the acts, transactions, occurrences, or omissions asserted in the Complaints or the Actions.

10. **No Prevailing Party.** Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose, including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Actions.

11. **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

9

12. **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

13. **Voluntary Agreement.** Plaintiff represents that she has thoroughly discussed all aspects of this Settlement Agreement with her attorney, and Plaintiff represents that she has carefully read and fully understands all of the provisions of the Settlement Agreement. Plaintiff represents that she executes and delivers the Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she understands its terms, contents, and effect. Plaintiff acknowledges that she has consulted with her attorney before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

14. **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

15. **No Admission of Liability.** Nothing contained herein shall constitute an admission by the Center, the Individual Defendant, the New York State Office of Mental Health or the State of New York that they deprived Plaintiff of any right or failed to perform any duty under the constitutions, statutes, rules, regulations, or other laws of the United States or the State of New York. It is understood and agreed that any actions taken pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement

Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in these disputes or as constituting any admission of wrongdoing or liability on the part the Center, the Individual Defendant, the New York State Office of Mental Health, the State of New York, or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, offices, agencies, departments, divisions, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacities; and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, custom, or practice of the Center, or any of its offices, agencies, departments, divisions, subdivisions, officials, employees, or agents, whether in their individual or official capacities.

16. **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised, or that could have been raised, in the Complaints, the Actions or any other proceeding. This Settlement Agreement shall have no precedential value or effect whatsoever. This Settlement Agreement shall not be admissible in any action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Settlement Agreement. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop the Center, the New York State Office of Mental Health, the State of New York, or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees (including but not limited to the Individual Defendant), agents, attorneys, insurers, offices, agencies, departments, divisions, subdivisions, subsidiaries, heirs, administrators, and assigns, in their individual or official capacities, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing

any defenses.

17. **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the release and waiver of federal claims pursuant to this Settlement Agreement.

18. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

19. **Severability.** With the exception of Paragraphs 1, 3, 4, 5, 6 and 8 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

20. **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

21. **Submission to the Court.** Upon signature by all parties, this Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered." If State approval of the terms of the settlement agreement is not obtained as described in Paragraph 5(b), this Court shall reopen the case and reinstate the claims in Ramnarine I and II, as described above, including as against the Individual Defendant.

22. **Jurisdiction.** The court retains jurisdiction of this matter for purposes of enforcing the terms of this settlement agreement.

23. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts and by facsimile or electronic signature, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the Parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date "So Ordered" by the Court.

Dated: New York, New York
July___, 2021

_____
Marie Ramnarine, Plaintiff

STATE OF NEW YORK
COUNTY OF Bronx

On July 30, 2021, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared MARIE RAMNARINE, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

DEBORAH IACHETTA
Notary Public, State of New York
No. 01IA6306147
Qualified in Bronx County
Commission Expires June 16, 20__.

_____
NOTARY PUBLIC

13

Dated: New York, New York
July 30, 2021

                                NYLAG
                                *Attorney for Plaintiff*

                              By: *Samantha J. James*
                                Samantha James
                                100 Pearl Street, 19th Floor
                                New York, NY 10004

Dated: New York, New York
July __, 2021

August 4, 2021

                              LETITIA JAMES
                              Attorney General of the State of New York
                              *Attorney for Defendants*

                              By: *Carrie Windland*
                                Carrie Windland
                                Assistant Attorney General
                                28 Liberty St.
                                New York, NY 10005
                                (212) 416-8437

SO ORDERED:

*Paul G. Gardephe*

HON. PAUL G. GARDEPHE, U.S.D.J.

August 5, 2021